We're going to continue this morning with our fifth case. This is Appeal 22-2250, United States v. Waith Williams. We're going to begin with an argument from Mr. Murphy, who is remote. Thank you, Your Honor. Good morning and may it please the Court. The District Court erred by preventing Appellant's counsel from presenting any argument during the sentencing hearing concerning Appellant's eligibility for the so-called safety valve under the sentencing guidelines in federal law. The District Court's decision in this regard violated Appellant's Sixth Amendment right to counsel, which includes both the right to have counsel offer argument after evidence is presented and the right to counsel's assistance during a critical stage of a proceeding. A sentencing hearing is a critical stage of a proceeding, and Appellant's eligibility for the safety valve was the most critical issue at this hearing. At the time of the sentencing, the District Court had been presented with evidence which supported Appellant's claim that he was eligible for the safety valve, specifically a DEA-6 report of investigation which memorialized his proffer to two federal agents. However, the government had also presented the District Court with a series of text messages which, in the government's view, suggested Appellant had not provided enough information to qualify. But the District Court decided that it would not permit any argument and simply announced its decision that Appellant was ineligible for the safety valve. To this day, Appellant has never had an opportunity to argue to the District Court that the evidence before the Court supported his eligibility for the safety valve. Mr. Barker, how should it impact your argument that in response to one of the District Court's questions about whether you had anything additional, counsel responded, nothing other than argument, Your Honor, that we made in our sentencing memo? So, telling the Court that you didn't have anything else to argue other than what you had already submitted in your sentencing memorandum that the Court had read before the sentencing hearing? Your Honor, I think that's a fair question. I do think that that question was one of only a couple in which perhaps it could have been phrased more specifically because that was indeed said. However, in other portions during the sentencing hearing, the counsel present at the sentencing hearing made clear that there was additional argument to be presented. And I would say that— Where? What are you relying on? Because I don't see anything in the transcript indicating that counsel wanted to add additional argument beyond what was submitted in the sentencing memo. Your Honor, there's other portions where counsel who was present at the hearing, to be clear, it wasn't—it was me. It was a different attorney at that point, so I'm going to take what I see in the record. But there were portions that did not limit it specifically to arguments that had already been made. It's within the short appendix, and we reference it in our brief. I don't have the page number at my fingertips. But I would say, Your Honor, even were—excepting arguendo—theoretically the counsel were to want to kind of enter into what may be considered somewhat of a redundant argument as to something that's already been made, I think that there is still kind of a procedural aspect to this, which is an attorney gets to present argument at a sentencing hearing. Indeed, the federal rules of criminal procedure make clear that they're allowed to. And there can be things that could potentially be phrased better. There could be, you know, reading the questions that have come from the district court to that point, potentially emphasizing other things and lowering an emphasis on certain others. So I think your point is well taken, but I don't think that that necessarily changes the ultimate issue before this court, which is that a criminal defendant has a constitutional right to allow his counsel to present argument at a sentencing hearing, which is a critical stage, and this was a very critical stage of this particular hearing. So, Mr. Murphy, just following up on Judge Saini's question, so at a sentencing hearing, if a judge were to ask defense counsel, so do you have anything else other than what you've said in your memoranda? And counsel says, no, no, Judge, we said it all in our sentencing memoranda. Are you suggesting that the federal rules requires a judge then to say, well, you know what? Why don't you present it again? Just because the rules require that I'd let you present something. I think in that instance, the question becomes closer than what the question was before this court. I would note that federal rule of criminal procedure 32I1C expressly provides that at sentencing, quote, the court must allow the party's attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence. So I do think that if a defense counsel at a hearing were to literally say, you know, hypothetically, I just want to read my sentencing memorandum to the court, I'm not so sure that that would rise to the level of a constitutional violation. I do think it would technically constitute a violation of the rule of criminal procedure. But what's critical here is that, first of all, I don't believe that that's what was articulated to the district court in this case. And secondarily, in the sentencing memorandum itself, which did set out these arguments in which counsel did say, you know, arguendo that these arguments would potentially be made again at sentencing, just orally, there was express language in that memorandum reserving, requesting the right to respond to any arguments made by the government in its written pleadings. So essentially forecasting the issue for the district court that we want an opportunity to speak at this hearing because we're certain that the government's going to say something that contradicts what our position is. So, your honors, to cut to the chase, the Constitution in this country guarantees a argument after all evidence has been presented. We cite in our briefing this case Herring v. New York in which the Supreme Court reversed the defendant's conviction where the trial court denied counsel's request to present argument at the conclusion of a bench trial. Indeed, a state statute in that case purported to give the judge the ability to do this. But the Supreme Court concluded the judge's decision in the statute which permitted it violated the Sixth Amendment. The court there explained that the very premise of an adversarial system of criminal justice is that partisan advocacy best promotes accurate fact finding. The hearing court explained that the right to counsel includes the right to have counsel make a proper argument on the evidence and the applicable law in his favor. Quote, however simple, clear, unimpeached, and conclusive the evidence may be. Mr. Murphy, why wouldn't any error here be harmless given that your point is he wanted to make oral argument about whether he was eligible for the safety valve. And in order to be eligible for the safety valve, the defendant has to truthfully provide the government with all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct. And it is undisputed here that your client declined to provide additional information about one of his co-defendants who was directly involved in the charges as well as his supplier. So I don't know how he could have been eligible for the safety valve regardless of what type of oral argument was presented. To that, Your Honor, I think that the very specific factual nuances of this case become relevant. In this case, there was a total of 10 defendants, including Mr. Williams, charged in 11 counts. Every single one of the defendants other than the appellant was charged with participating in a drug conspiracy. Appellant, however, was charged only in one count alleging possession with intent to distribute methamphetamine. At the proffer, he identified, among other things, the individual from whom he had acquired drugs. He explained that he had acquired drugs from that same individual on other occasions, and he answered the agent's questions truthfully. He explained the details of these transactions. He noted that he had traded his supplier marijuana for methamphetamine. He noted that he had paid $500 for a half ounce of methamphetamine. He explained that he arranged the purchase through a series of text messages and explained that he drove to a hotel to purchase drugs from his supplier. He explained that he didn't know any of his co-defendants other than his supplier, meaning he didn't know any of these other folks. He later corrected according to the DEA-6, which was an evidence that he didn't know anybody else. When they showed him a picture of someone, he said, oh, actually, I knew that person by a different name. I, in fact, know that person. So I guess to your point, Your Honor, is that what the guidelines make clear is that someone needs to provide information about the offenses that were part of the same course of conduct or a common scheme or plan. And the case law interpreting that provision really makes only one thing clear, which is that what exactly is required depends significantly on the nuances of a particular case. And so to your point about whether this is harmless error, I do think that question is extremely difficult to answer, having never been able to set out this argument to the district court against that backdrop, especially in the unique circumstance of this case where the district court made clear throughout the sentencing hearing that there was a lean towards leniency in this case. She felt as though she was hamstrung by this mandatory minimum in this case and that therefore she couldn't sentence him to a lower sentence that she otherwise would have. Your Honor, at this point, I would love to reserve any remaining time I have for rebuttal. Very good. That request will be granted. I will now move to argument from the appellee, from Mr. Norwood. Good morning, Your Honor. May it please the court, counsel. I think Judge Saineev hit the issue, hit the nail right on the head when she indicated, Judge Handel asked the defendant, do you have any additional evidence to prove? And the response was nothing other than argument that we made in our sentencing memorandum. There was no dispute as to the facts. All it was is an application of the law to the facts. There's no dispute as to the law in this case. It was a simple application of the law to the undisputed facts in this case as presented by the government in this case. And I think what is critical in this case is in the safety valve context, most defendants are trying to provide as much information as they can to qualify for the safety valve. Most individuals who are safety valve eligible are ready, willing, and eager to say, I'll tell you everything I know. Whether it assists the government or not is an irrelevant point when it comes to the safety valve, is that they provide all the information they know. Mr. Williams did not want to cooperate with the government. He was trying to provide as little information as possible and still get the benefit of the safety valve, and he failed miserably in doing so. And that's why we're here. I've been doing this, I'm going on 25 years now, and never had this issue before the Seventh Circuit because it doesn't come up. Because most people are trying. This defendant was doing just the opposite. He was trying to do the bare minimum to qualify. Although part of that could be because 3553F was modified several years ago to allow courts to make this determination on their own without a motion from the government. Yes, Your Honor, but I still think... That might be part of the reason. You haven't had it come up before because there wasn't an opportunity. Yes, but I've never had defendants who are eligible for the safety valve and say, I want to try and qualify or actually do what I need to do for the safety valve, come in and try to provide the bare minimum and get away with not providing all the information they know, and that's what happened in this case. And unfortunately, Judge Antle applied the law to the facts and determined that the defendant did not qualify. I think it's that simple. If the court has any questions, I'll be glad to answer them. Otherwise, I'll rest of my briefing as the court affirmed the district court's decision. Thank you, Mr. Norwood. Nothing further. Mr. Murphy, we'll go back to you for a rebuttal argument. Thank you, Your Honor, and may it please the court. Mr. Norwood just referenced that there was no dispute as to the law. Well, we certainly agree that what the law is, but as we touched on in my opening argument, there was and is a dispute about what exactly is required in order to qualify. That is very case specific. Throughout its briefing and in its argument, the government has provided this court with no legally justifiable basis for affirming the district court's decision. The government has the burden of proving that any error in this case was harmless beyond a reasonable doubt, and they've simply not done that. In some ways, this case is as much about process as it is about the deprivation of the substantive right to counsel. Sentencing hearings are critical. They are a defendant's last chance to advocate to the district court before their fate is decided, and that's why a constitution guarantees them the right to be heard. Your Honors, I see that my time has expired, and so I would ask that this court vacate the sentence and remand this case to the district court unless there's any further questions. Thank you. Thank you, Mr. Murphy. Please give our condolences to Mr. Margulies. Please let him know you did an excellent job, as did Mr. Norwood. Thank you to both parties. The case will be taken under advisement. Thank you so much, Your Honor.